# W. E. BRADLEY v. STATE.

No. A-7696.  Opinion Filed March 21, 1931.
(297 Pac. 321.)

H. A. Johnson, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

PER CURIAM.  The plaintiff in error, hereinafter referred to as the defendant, was convicted of having possession of intoxicating liquor, with the unlawful, willful, and wrongful intent then and there to sell, barter, give away, and otherwise dispose of the same to others, contrary to the statutes, and was sentenced to pay a fine of $50 and be confined in the county jail for two months. From which sentence and judgment the defendant has appealed.

Before the trial began, the defendant moved the court to quash the search warrant and objected to any testimony secured by reason of the search warrant, for the reason that the search warrant did not describe the premises occupied by the defendant, and that the premises on which the state witnesses claim they found whisky there was no search warrant for. This motion was overruled, and the defendant excepted. An examination of the record shows that the motion to quash was properly overruled, as the testimony in the trial of the case shows that the officers went to the place of business and home of this defendant with a search warrant which described the premises to be

searched as to the northwest quarter of section 10, township 24 east of the Indian meridian; that the property described in the search warrant is not the property upon which the defendant's home and business were located; that the defendant was located on section 3, township 24 east, of the Indian meridian, and there was a public road running along the section line between the defendant's place of business and home, and where the officers allege they found some whisky. All of the officers admit they did not find any whisky around the defendant's place of business, where they searched without a warrant; that they had no warrant for the arrest of the defendant.

The officers further testify they searched the defendant's place of business and found nothing; they went across the highway which ran along the section line onto another piece of property about 50 to 100 yards from the road, and in a briar patch or grass they found several pints of whisky. They also testify that tracks led from the highway near the defendant's place of business to where they found the whisky.

The defendant testified in his own behalf, and stated he had nothing to do with section 10, township 24 east of the Indian meridian; that his property was located on section 3, township 24 east of the Indian meridian; that his property was on the highway between Stillwater and Ponca City; that it was a public highway and generally traveled; that he was located near the Salt Fork bridge on the river, and that people come and go up and down the river fishing and hunting. Defendant states positively that he did not have any control over the land where they claim the whisky was found; that he never saw any of the whisky, nor did he know anything about it being there until after the officers found it; that the water in Salt Fork is salty along there and people frequently come back and forth to get

246

water at his well; that there is a camp ground near where the officers found the whisky.

The defendant was asked if he had ever been convicted on a liquor charge, and answered that he had, for the sale of one pint of whisky; he frankly stated he had been twice convicted. This is the testimony.

The first error assigned is that the court erred in overruling the motion of plaintiff in error for a new trial. The third assignment is that the verdict of the jury is not supported by competent evidence and the same is contrary to the law and evidence. These two assignments will be considered together. There is no testimony in the record tending to show that the defendant knew anything about the whisky being where it was, and it is clearly shown by the state's testimony that there were no indications around his place of business that whisky was being kept there, nor were there any containers showing that the defendant was handling whisky. The fact that the officers found whisky on property other than that occupied by the defendant, and near to the defendant's property, amounts to nothing more than a suspicious circumstance. The testimony falls far short of proving the defendant guilty of possession of intoxicating liquor with intent to sell the same.

The evidence being insufficient to support the verdict, the cause is reversed.

EDWARDS and CHAPPELL, JJ., concur.